O

# United States District Court
# Central District of California

| | |
|---|---|
| MIGHTY ENTERPRISES, INC., <br>     Plaintiff /Counter-Defendant, <br>     v. <br> SHE HONG INDUSTRIAL CO. LTD.; <br> DOES 1 through 10, <br>     Defendants/Counterclaimant, | Case No. 2:14-cv-06516-ODW(RZx) <br><br> **ORDER GRANTING COUNTER-DEFENDANT'S MOTION TO DISMISS COUNTERCLAIMS [24]** |

## I.    INTRODUCTION

Defendant and Counterclaimant She Hong Industrial Co. Ltd. ("She Hong") brings two permissive counterclaims against Plaintiff and Counter-Defendant Mighty Enterprises, Inc. ("Mighty"). (ECF No. 22 ["CC"].) Pending before the Court is Mighty's Motion to Dismiss Counterclaims. (ECF No. 24.) She Hong's counterclaims arise out of the allegedly unlawful advertising by Mighty following a contract dispute. For the reasons discussed below, the Court **GRANTS** Mighty's Motion to Dismiss.[1]

## II.    FACTUAL BACKGROUND

Mighty is a California corporation that specializes in the distribution and

---

[1] After carefully considering the papers filed related to the Motion, the Court deems the matter appropriate for decision without oral argument. Fed. R. Civ. P. 78; L.R. 7-15.

service of heavy machinery.  (CC ¶ 4.)  She Hong is a Taiwanese manufacturer of heavy machinery which it sells under the name "Hartford."  (*Id.* ¶¶ 3, 8.)  On August 19, 2014, Mighty initiated this lawsuit by filing the Complaint against She Hong alleging breach of contract, breach of implied contract, restitution, breach of good faith and fair dealing, and fraud.  (ECF. No. 1 ["Compl."].)  The basis for Mighty's Complaint is an alleged breach of an oral contract that granted Mighty the exclusive rights to distribute and service She Hong's Hartford machinery in the U.S.  (*Id.* ¶ 1.)  Mighty alleges that in spring 2014 She Hong breached the oral contract by selling Hartford machinery directly to Mighty's U.S. dealers.  (*Id.* ¶ 21.)

In response to the Complaint, She Hong filed an Answer which brings two permissive counterclaims against Mighty:  (1) false advertising under the Lanham Act, 15 U.S.C. § 1125(a), and (2) unfair competition under California's Unfair Competition Law ("UCL"), Cal. Bus. & Prof. Code §§ 17200, *et seq.*  (CC ¶¶ 32–54.) She Hong alleges that it began manufacturing its machinery under the Hartford name in 1970 and began selling its Hartford machinery in the U.S. in 1982.  (*Id.* ¶¶ 8–10.) In April 2014, Mighty allegedly filed an application for the trademark "Hartford" with the U.S. Patent and Trademark Office ("USPTO").  (*Id.* ¶12.)  Mighty allegedly attached pictures of She Hong's machinery to its trademark application, and She Hong claims that Mighty knew the picture "it provided to the USPTO was from a brochure produced and published by She Hong."  (*Id.* ¶¶ 17–19.)  The USPTO then allegedly approved Mighty's application and issued Trademark Serial Number 86245625 to Mighty for the Hartford trademark used in association with heavy machinery.  (*Id.* ¶ 15, Ex. B.)  She Hong alleges that Mighty "wrongfully" applied for the trademark "without the knowledge and permission of She Hong."  (*Id.* ¶ 22.)

Mighty's conduct after obtaining the trademark—and not the application process itself—forms the factual basis for both of She Hong's counterclaims:

> Mighty has used and continues to use She Hong's "Hartford" trademark and She Hong's Promotional

>Materials in [Mighty's] advertising, attempting to attract consumers of Hartford Machines, the same consumers She Hong targets with its Promotional Materials. In so doing, Mighty is including in its commercial advertising, among other things, photos and descriptions of She Hong's "Hartford" goods. These advertisements are false because they suggest to the consuming public that Mighty and/or Mighty's goods or services are affiliated, connected or associated with She Hong, and/or Mighty is the manufacturer of "Hartford" branded products.

(CC ¶ 39.) She Hong alleges that Mighty now "advertises its goods under the trademark 'Hartford' and represents to the consuming public on at least two third-party websites . . . that it is the source or origin of good bearing the 'Hartford' trademark. This representation is false." (CC ¶ 29.)

### III. LEGAL STANDARD

Pursuant to Rule 12(b)(6), a defendant may move to dismiss an action for failure to allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal citations omitted). For purposes of ruling on a Rule 12(b)(6) motion, the Court "accept[s] factual allegations in the complaint as true and construe[s] the pleading in the light most favorable to the non-moving party." *Manzarek v. St. Paul Fire & Marine Ins. Co.*, 519 F.3d 1025, 1031 (9th Cir. 2008).

Nonetheless, the Court need not accept as true allegations contradicted by judicially noticeable facts, and the "court may look beyond the plaintiff's complaint to

matters of public record" without converting the Rule 12(b)(6) motion into one of summary judgment. *Shaw v. Hahn*, 56 F.3d 1128, 1129 n.1 (9th Cir. 1995). The Court is not required to "assume the truth of legal conclusions merely because they are cast in the form of factual allegations." *Fayer v. Vaughn*, 649 F.3d 1061, 1064 (9th Cir. 2011) (internal quotation marks and citations omitted). Mere "conclusory allegations of law and unwarranted inferences are insufficient to defeat a motion to dismiss." *Adams v. Johnson*, 355 F.3d 1179, 1183 (9th Cir. 2004) (internal quotation marks and citations omitted).

If the Court grants a motion to dismiss, it must determine whether to allow the plaintiff leave to amend. Although leave to amend "shall be freely given when justice so requires," Fed. R. Civ. P. 15(a), leave to amend may be denied if the moving party has acted in bad faith, or if allowing amendment would unduly prejudice the opposing party, cause undue delay, or be futile. *Leadsinger, Inc. v. BMG Music Publ'g*, 512 F.3d 522, 532 (9th Cir. 2008). Amendment would be futile if "the pleading could not possibly be cured by the allegation of other facts." *Lopez v. Smith*, 203 F.3d 1122, 1130 (9th Cir. 2000) (en banc) (internal quotation marks and citations omitted).

## IV. DISCUSSION

In its Motion to Dismiss Counterclaims, Mighty argues that both of She Hong's counterclaims fail under both Rules 12(b)(6) and 9(b). (ECF No. 24 at 1.) The Court does not need to reach the Rule 9(b) issue because She Hong's counterclaims both fail under Rule 12(b)(6).

**A.  She Hong's Legal Theory**

She Hong's legal theory—as alleged in the Counterclaim and in its Opposition Brief—is untenable because She Hong does not presently own the rights to the Hartford trademark. Obtaining a registered federal trademark "constitutes prima facie evidence of the validity of the registered mark and of [the registrant's] exclusive right to use the mark" in commerce. *Brookfield Commc'ns, Inc. v. West Coast Entm't Corp.*, 174 F.3d 1036, 1047 (9th Cir. 1999) (internal citations omitted). In its

Counterclaim, She Hong admits that Mighty owns the registered trademark to the Hartford name (CC ¶ 15), and thus Mighty enjoys the statutory presumption of ownership and exclusive right to use the Hartford trademark. *See* 15 U.S.C. §§ 1057(b), 1115(a). Despite this admitted ownership, She Hong's sole legal theory is that Mighty's use of the Hartford trademark is false advertising. She Hong argues that "by utilizing the 'Hartford' mark in advertisements and marketing materials Mighty is falsely representing it . . . has the right to utilize the mark[.]" (ECF No. 26 at 3.) She Hong put the cart before the horse—there can be no claim for false advertising against a company that advertises with a registered trademark it owns.

She Hong is clearly not enthused by Mighty's decision to trademark the name of one of She Hong's products, and based on the allegations in the Counterclaim, She Hong's position is understandable. However, She Hong's legal theory is dependent on owning the trademark rights to a trademark it does not own. Based on the pleadings and arguments, this not a cognizable cause of action for false advertising under the Lanham Act or UCL. *See Clearly v. News Corp.*, 30 F.3d 1255, 1262–63 (9th Cir. 1994) ("[S]tate common law claims of unfair competition and actions pursuant to California Business and Professions Code § 17200 are 'substantially congruent' to the claims made under the Lanham Act.").

**B.     Leave to Amend**

The alleged violations under the Lanham Act and UCL involve conduct that is separate and distinct from the alleged conduct in Mighty's Complaint. Not only did the alleged Lanham Act violations occur at a separate time, but involve different facts, subject matter, and law. The Court finds that She Hong's Counterclaims are permissive and unrelated to the claims asserted by Mighty, and therefore a separate case and trial for She Hong's counterclaims will not involve duplication of effort. The permissive nature of these counterclaims means that justice does not require leave to amend. Fed. R. Civ. P. 15(a). The Court also notes that She Hong amended its Answer and Counterclaim once. (ECF Nos. 17, 22.) The Court will consider a

motion for leave to amend, but will expect an exceedingly persuasive argument from She Hong so as to not delay this litigation any further.

### V.   CONCLUSION

For the reasons discussed above, the Court hereby **GRANTS** Mighty's Motion to Dismiss Counterclaims. She Hong's Counterclaims are **DISMISSED WITHOUT PREJUDICE**.

**IT IS SO ORDERED.**

January 22, 2015

_____
**OTIS D. WRIGHT, II
UNITED STATES DISTRICT JUDGE**