Chris M. Amantea (Bar No. 147339)
chris.amantea@squirepb.com
Anne Choi Goodwin (Bar No. 216244)
anne.goodwin@squirepb.com
Squire Patton Boggs (US) LLP
555 South Flower Street, 31st Floor
Los Angeles, California  90071
Telephone:   213 624 2500
Facsimile:   213 623 4581

Attorneys for Plaintiff
Mighty Enterprises, Inc. dba Mighty USA

Anthony J. Dain (Bar No. 98947)
anthony.dain@procopio.com
Kamwah Li (Bar No. 99043)
kam.li@procopio.com
PROCOPIO, CORY, HARGREAVES &
SAVITCH LLP
525 B Street, Suite 2200
San Diego, California 92101
Telephone: 619.238.1900
Facsimile: 619.235.0398

Attorneys for Defendant
She Hong Industrial Co. Ltd.

*(Additional Counsel Listed on Signature Page)*

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| MIGHTY ENTERPRISES, INC., dba MIGHTY USA,<br><br>            Plaintiff,<br><br>v.<br><br>SHE HONG INDUSTRIAL CO. LTD., and DOES 1through 10,<br><br>            Defendant. | Case No. 14-CV-06516 ODW (GJS)<br><br>**STIPULATED CONFIDENTIALITY PROTECTIVE ORDER [PROPOSED]** |

## 1.   **PURPOSES AND LIMITATIONS**

### 1.1   **Stipulation and Acknowledgments**

Discovery in this Action is likely to involve production of confidential, proprietary, or private information for which special protection from public disclosure and from use for any purpose other than prosecuting this litigation may be warranted. Accordingly, the Parties hereby stipulate to and petition the Court to enter the following Stipulated Protective Order. The Parties acknowledge that this Order does not confer blanket protections on all disclosures or responses to discovery and that the protection it affords from public disclosure and use extends only to the limited information or items that are entitled to confidential treatment under the applicable legal principles. The Parties further acknowledge, as set forth in Section 12.3 below, that this Stipulated Protective Order does not entitle them to file confidential information under seal; Civil Local Rule 79-5 sets forth the procedures that must be followed and the standards that will be applied when a Party seeks permission from the court to file material under seal.

### 1.2   **Good Cause Statement**

This Action is likely to involve trade secrets, customer and pricing lists and other valuable research, development, commercial, financial, technical and/or proprietary information for which special protection from public disclosure and from use for any purpose other than prosecution of this Action is warranted. Such confidential and proprietary materials and information consist of, among other things, confidential business or financial information, information regarding confidential business practices, or other confidential research, development, or commercial information (including information implicating privacy rights of third parties), information otherwise generally unavailable to the public, or which may be privileged or otherwise protected from disclosure under state or federal statutes, court rules, case decisions, or common law. Accordingly, to expedite the flow of information, to facilitate the prompt resolution of disputes over confidentiality of

- 1 -

Case No. 14-CV-06516

discovery materials, to adequately protect information the parties are entitled to keep confidential, to ensure that the parties are permitted reasonable necessary uses of such material in preparation for and in the conduct of trial, to address their handling at the end of the litigation, and serve the ends of justice, a protective order for such information is justified in this matter. It is the intent of the parties that information will not be designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL-ATTORNEYS' EYES ONLY" for tactical reasons and that nothing be so designated without a good faith belief that it has been maintained in a confidential, non-public manner, and there is good cause why it should not be part of the public record of this case.

## 2.   **DEFINITIONS**

2.1   **Action:** *Mighty Enterprises, Inc. v. She Hong Industrial Co. Ltd.*, Case No. 14-cv-06516-ODW-RZ, United States District Court for the Central District of California.

2.2   **Challenging Party:** a Party or Non-Party that challenges the designation of information or items under this Order.

2.3   **"CONFIDENTIAL" Information or Items:** information (regardless of how it is generated, stored or maintained) or tangible things that qualify for protection under Federal Rule of Civil Procedure 26(c), and as specified above in the Good Cause Statement.

2.4   **Counsel:** Outside Counsel of Record (as well as their support staff) and House Counsel (as well as their support staff).

2.5   **Designating Party:** a Party or Non-Party that designates information or items that it produces in disclosures or in responses to discovery as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL-ATTORNEYS' EYES ONLY."

2.6   **Disclosure or Discovery Material:** all items or information, regardless of the medium or manner in which it is generated, stored, or maintained (including,

among other things, testimony, transcripts, and tangible things), that are produced or generated in disclosures or responses to discovery in this matter.

2.7   **Expert:** a person with specialized knowledge or experience in a matter pertinent to the litigation who has been retained by a Party or its Counsel to serve as an expert witness or as a consultant in this Action.

2.8   **"HIGHLY CONFIDENTIAL-ATTORNEYS' EYES ONLY" Information or Items:** information (regardless of how it is generated, stored or maintained) or tangible things which are "CONFIDENTIAL" within the meaning of the definition of Section 2.3 above which are extremely sensitive such that the disclosure of which to another Party or Non-Party would create a substantial risk of serious harm that could not be avoided by less restrictive means, including but not limited to information the disclosures of which the Producing Party believes in good faith will cause harm to its competitive position.   Disclosure of "HIGHLY CONFIDENTIAL-ATTORNEYS' EYES ONLY" Information or Items is limited to that as set forth in Section 7.3 below.

2.9   **House Counsel:** attorneys who are employees of a Party to this Action. House Counsel does not include Outside Counsel of Record or any other outside counsel.

2.10   **Non-Party:** any natural person, partnership, corporation, association, or other legal entity not named as a Party to this Action.

2.11   **Outside Counsel of Record:** attorneys who are not employees of a Party to this Action but are retained to represent or advise a Party to this Action and have appeared in this Action on behalf of that Party or are affiliated with a law firm which has appeared on behalf of that Party, and includes support staff.

2.12   **Party:** any Party to this Action, including all of its officers, directors, employees, consultants, retained experts, and Outside Counsel of Record (and their support staff).

///

Case No. 14-CV-06516

2.13 **Producing Party:** a Party or Non-Party that produces Disclosure or Discovery Material in this Action.

2.14 **Professional Vendors:** persons or entities that provide litigation support services (e.g., photocopying, court reporter, transcription, videotaping, translating, preparing exhibits or demonstrations, and organizing, storing, or retrieving data in any form or medium) and their employees and subcontractors.

2.15 **Protected Material:** any Disclosure or Discovery Material that is designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL- ATTORNEYS' EYES ONLY."

2.16 **Receiving Party:** a Party that receives Disclosure or Discovery Material from a Producing Party.

## 3. **SCOPE**

The protections conferred by this Stipulation and Order cover not only Protected Material (as defined above), but also (1) any information copied or extracted from Protected Material; (2) all copies, excerpts, summaries, or compilations of Protected Material; and (3) any testimony, conversations, or presentations by Parties or their Counsel that might reveal Protected Material.

Any use of Protected Material at trial shall be governed by the orders of the trial judge. This Order does not govern the use of Protected Material at trial.

## 4. **DURATION**

Even after final disposition of this litigation, the confidentiality obligations imposed by this Order shall remain in effect until a Designating Party agrees otherwise in writing or a court order otherwise directs. Final disposition shall be deemed to be the later of (1) dismissal of all claims and defenses in this Action, with or without prejudice; or (2) final judgment herein after the completion and exhaustion of all appeals, rehearings, remands, trials, or reviews of this Action, including the time limits for filing any motions or applications for extension of time pursuant to applicable law.

**5.     DESIGNATING PROTECTED MATERIAL**

**5.1     Exercise of Restraint and Care in Designating Material for Protection.** Each Party or Non-Party that designates information or items for protection under this Order must take care to limit any such designation to specific material that qualifies under the appropriate standards.

Mass, indiscriminate, or routinized designations are prohibited. Designations that are shown to be clearly unjustified or that have been made for an improper purpose (e.g., to unnecessarily encumber the case development process or to impose unnecessary expenses and burdens on other parties) may expose the Designating Party to sanctions.

If it comes to the attention of a Designating Party that information or items that it designated for protection do not qualify for protection, that Designating Party must promptly notify all other Parties that it is withdrawing the inapplicable designation.

**5.2     Manner and Timing of Designations.** Except as otherwise provided in this Order (*see, e.g.,* second paragraph of section 5.2(a) below), or as otherwise stipulated or ordered, Disclosure or Discovery Material that qualifies for protection under this Order must be clearly so designated before the material is disclosed or produced.

Designation in conformity with this Order requires:

(a)     for information in documentary form (e.g., paper or electronic documents, but excluding transcripts of depositions or other pretrial or trial proceedings), that the Producing Party affix at a minimum, the legend "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL-ATTORNEYS' EYES ONLY" to each page that contains protected material.

A Party or Non-Party that makes original documents available for inspection need not designate them for protection until after the inspecting Party has indicated which documents it would like copied and produced. During the inspection and

- 5 -

before the designation, all of the material made available for inspection shall be deemed "HIGHLY CONFIDENTIAL-ATTORNEYS' EYES ONLY." After the inspecting Party has identified the documents it wants copied and produced, the Producing Party must determine which documents, or portions thereof, qualify for protection under this Order. Then, before producing the specified documents, the Producing Party must affix the appropriate "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL-ATTORNEYS' EYES ONLY" to each page that contains Protected Material.

A Party or Non-Party must designate as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL-ATTORNEYS' EYES ONLY" any and all Information that it received from another Party or Non-Party that it reasonably believes that other Party or Non-Party considers to be confidential (such as, by way of example, wholesale price lists or terms of sale). In the event that any documents or materials that should be subject to a "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL-ATTORNEYS' EYES ONLY" designation are produced by a Party or a Non-Party without such designation, any other Party or Non-Party (the "Noticing Party") may give written notice of such defective production to all Parties within ten (10) business days of discovery of the failure by the Producing Party or Non-Party to properly designate the documents or materials, together with a copy of the subject documents or materials with the appropriate confidentiality designation. Upon receipt of such notice, all Parties that received the original version of the documents or materials shall promptly destroy them and all copies thereof, or, at the expense of the Producing Party, return such together with all copies of such documents or materials to counsel for the Noticing Party. If a Receiving Party chooses to destroy such documents or materials, the Receiving Party shall notify the Noticing Party in writing of such destruction within five (5) business days of receipt of the notice.

(b)     for testimony given in depositions that the Designating Party identify the Disclosure or Discovery Material on the record, before the close of the

deposition all protected testimony. When it is impractical to identify separately each portion of testimony that is entitled to protection and it appears that substantial portions of the testimony may qualify for protection, the Designating Party may invoke on the record (before the deposition, hearing, or other proceeding is concluded) a right to have up to fifteen (15) business days to identify the specific portions of the testimony as to which protection is sought and to specify the level of protection being asserted. Only those portions of the testimony that are appropriately designated for protection within the fifteen (15) business days shall be covered by the provisions of this Order. Alternatively, a Designating Party may specify, at the deposition or up to fifteen (15) business days afterwards if that period is properly invoked, that the entire transcript shall be treated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL-ATTORNEYS' EYES ONLY."

Parties shall give the other Parties notice if they reasonably expect a deposition, hearing or other proceeding to include Protected Material so that the other Parties can ensure that only authorized individuals who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A) are present at those proceedings. The use of a document as an exhibit at a deposition shall not in any way affect its designation as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL-ATTORNEYS' EYES ONLY."

Transcripts containing Protected Material shall have an obvious legend on the title page that the transcript contains Protected Material, and the title page shall be followed by a list of all pages (including line numbers as appropriate) that have been designated as Protected Material and the level of protection being asserted by the Designating Party. The Designating Party shall inform the court reporter of these requirements. Any transcript that is prepared before the expiration of a ten (10) business day period for designation shall be treated during that period as it if had been designated "HIGHLY CONFIDENTIAL-ATTORNEYS' EYES ONLY" in its entirety unless otherwise agreed. After the expiration of that period, the transcript

shall be treated only as actually designated.

(c)   for information produced in some form other than documentary and for any other tangible items, that the Producing Party affix in a prominent place on the exterior of the container or containers in which the information is stored the legend "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL-ATTORNEYS' EYES ONLY."

5.3   **Inadvertent Failures to Designate.** If timely corrected, an inadvertent failure to designate qualified information or items does not, standing alone, waive the Designating Party's right to secure protection under this Order for such material. Upon timely correction of a designation, the Receiving Party must make reasonable efforts to assure that the material is treated in accordance with the provisions of this Order.

## 6.   <u>CHALLENGING CONFIDENTIALITY DESIGNATIONS</u>

6.1   **Timing of Challenges.** Any Party or Non-Party may challenge a designation of confidentiality at any time that is consistent with the Court's Scheduling Order.

6.2   **Meet and Confer.** The Challenging Party shall initiate the dispute resolution process under Local Rule 37.1 *et seq.*

6.3   **Burden of Persuasion.**   The burden of persuasion in any such challenge proceeding shall be on the Designating Party.   Frivolous challenges, and those made for an improper purpose (*e.g.*, to harass or impose unnecessary expenses and burdens on other parties) may expose the Challenging Party to sanctions.  Unless the Designating Party has waived or withdrawn the confidentiality designation, all parties shall continue to afford the material in question the level of protection to which it is entitled under the Producing Party's designation until the Court rules on the challenge.

///

///

**7.** <u>**ACCESS TO AND USE OF PROTECTED MATERIAL**</u>

7.1 **Basic Principles.** A Receiving Party may use Protected Material that is disclosed or produced by another Party or by a Non-Party in connection with this Action only for prosecuting, defending, or attempting to settle this Action. Such Protected Material may be disclosed only to the categories of persons and under the conditions described in this Order. When the Action has been terminated, a Receiving Party must comply with the provisions of Section 13 below (FINAL DISPOSITION).

Protected Material must be stored and maintained by a Receiving Party at a location and in a secure manner that ensures that access is limited to the persons authorized under this Order.

7.2 **Disclosure of "CONFIDENTIAL" Information or Items.** Unless otherwise ordered by the court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated "CONFIDENTIAL" only to:

(a) the Receiving Party's Counsel in this Action, as well as employees of said Counsel to whom it is reasonably necessary to disclose the information for this Action;

(b) the officers, directors, and employees of the Receiving Party to whom disclosure is reasonably necessary for this Action and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(c) Experts (as defined in Paragraph 2.7) to whom disclosure is reasonably necessary for this Action and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(d) the Court and its personnel[1];

---

[1] The Court and court personnel are excluded from any requirements to sign the "Acknowledgement and Agreement to Be Bound" in Exhibit A to this Stipulated Confidentiality Protective Order.

- 9 -

(e)     court reporters and their staff;

(f)     professional jury or trial consultants, mock jurors, and Professional Vendors to whom disclosure is reasonably necessary for this Action and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(g)     the author or recipient of a document containing the information or a custodian or the original source of the information;

(h)     during their depositions, witnesses and attorneys for witnesses in the Action to whom disclosure is reasonably necessary provided: (1) the deposing party requests that the witness sign the "Acknowledgment and Agreement to Be Bound" (Exhibit A); and (2) they will not be permitted to keep any confidential information unless otherwise agreed by the Designating Party or ordered by the court. Pages of transcribed deposition testimony or exhibits to depositions that reveal Protected Material must be separately bound by the court reporter and may not be disclosed to anyone except as permitted under this Protective Order; and

(i)     any mediator or settlement officer, and their supporting personnel, mutually agreed upon by any of the parties engaged in settlement discussions, who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A).

7.3     **Disclosure of "HIGHLY CONFIDENTIAL-ATTORNEYS' EYES ONLY" Information or Items.**  Unless otherwise ordered by the court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated "HIGHLY CONFIDENTIAL-ATTORNEYS' EYES ONLY" only to:

(a)     the Receiving Party's Outside Counsel of Record in this Action, as well as employees of said Outside Counsel of Record to whom it is reasonably necessary to disclose the information for this Action;

(b)     Experts (as defined in Paragraph 2.7) to whom disclosure is reasonably necessary for this Action and who have signed the "Acknowledgment and

- 10 -

Agreement to Be Bound" (Exhibit A);

    (c)  the Court and its personnel;

    (d)  court reporters and their staff;

    (e)  professional jury or trial consultants, mock jurors, and Professional Vendors to whom disclosure is reasonably necessary for this Action and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

    (f)  the author or recipient of a document containing the information or a custodian or the original source of the information;

    (g)  during their depositions, witnesses in the Action (and their attorneys) who are current employees or former employees who authored the "HIGHLY CONFIDENTIAL-ATTORNEYS' EYES ONLY" information of the Designating Party and who have signed the "Acknowledgment and Agreement to Be Bound" in Exhibit A to this Protective Order, unless otherwise agreed by the Designating Party or ordered by the court. Pages of transcribed deposition testimony or exhibits to depositions that reveal Protected Material must be separately bound by the court reporter and may not be disclosed to anyone except as permitted under this Protective Order; and

    (h)  any mediator or settlement officer, and their supporting personnel, mutually agreed upon by any of the parties engaged in settlement discussions, who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A).

**8. PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN OTHER LITIGATION**

  8.1 If a Party is served with a subpoena or a court order issued in other litigation that compels disclosure of any information or items designated in this Action as "CONFIDENTIAL," that Party must:

    (a)  promptly notify in writing the Designating Party. Such notification shall include a copy of the subpoena or court order;

(b) promptly notify in writing the party who caused the subpoena or order to issue in the other litigation that some or all of the material covered by the subpoena or order is subject to this Protective Order. Such notification shall include a copy of this Stipulated Protective Order; and

(c) cooperate with respect to all reasonable procedures sought to be pursued by the Designating Party whose Protected Material may be affected.

8.2 If the Designating Party timely seeks a protective order, the Party served with the subpoena or court order shall not produce any information designated in this Action as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL-ATTORNEYS' EYES ONLY" before a determination by the court from which the subpoena or order issued, unless the Party has obtained the Designating Party's permission.  The Designating Party shall bear the burden and expense of seeking protection in that court of its confidential material and nothing in these provisions should be construed as authorizing or encouraging a Receiving Party in this Action to disobey a lawful directive from another court.

## 9.   A NON-PARTY'S PROTECTED MATERIAL SOUGHT TO BE PRODUCED IN THIS LITIGATION

9.1 The terms of this Order are applicable to information produced by a Non-Party in this Action and designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL-ATTORNEYS' EYES ONLY." Such information produced by Non-Parties in connection with this litigation is protected by the remedies and relief provided by this Order. Nothing in these provisions should be construed as prohibiting a Non-Party from seeking additional protections.

9.2 In the event that a Party is required, by a valid discovery request, to produce a Non-Party's confidential information in its possession, and the Party is subject to an agreement with the Non-Party not to produce the Non-Party's confidential information, then the Party shall:

(a) promptly notify in writing the Requesting Party and the Non-

Party that some or all of the information requested is subject to a confidentiality agreement with a Non-Party;

(b)   promptly provide the Non-Party with a copy of the Stipulated Protective Order in this Action, the relevant discovery request(s), and a reasonably specific description of the information requested; and

(c)   make the information requested available for inspection by the Non-Party, if requested.

9.3   If the Non-Party fails to seek a protective order from this court within 14 (fourteen) days of receiving the notice and accompanying information, the Receiving Party may produce the Non-Party's confidential information responsive to the discovery request. If the Non-Party timely seeks a protective order, the Receiving Party shall not produce any information in its possession or control that is subject to the confidentiality agreement with the Non-Party before a determination by the court. Absent a court order to the contrary, the Non-Party shall bear the burden and expense of seeking protection in this court of its Protected Material.

**10.   <u>UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL</u>**

If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Protected Material to any person or in any circumstance not authorized under this Stipulated Protective Order, the Receiving Party must immediately (a) notify in writing the Designating Party of the unauthorized disclosures, (b) use its best efforts to retrieve all unauthorized copies of the Protected Material, (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of this Order, and (d) request such person or persons to execute the "Acknowledgment and Agreement to Be Bound" that is attached hereto as Exhibit A.

**11.   <u>INADVERTENT PRODUCTION OF PRIVILEGED OR OTHERWISE PROTECTED MATERIAL</u>**

11.1   The inadvertent or unintentional production of privileged materials does not waive any privilege or protection that would otherwise apply to such materials.

Case No. 14-CV-06516

The Parties and their counsel will take reasonable steps to identify and prevent disclosure of information protected by the attorney-client privilege, work product doctrine, or any other privilege or immunity ("Privileged Material") prior to the disclosure of any such information to any Receiving Party.  Because each Party will take reasonable steps to identify and prevent disclosure of Privileged Material, any disclosure of Privileged Material will be presumed to be inadvertent.  The fact of disclosure may not be used against the Producing Party to support or find waiver of any privilege or protection that would otherwise apply to such materials.

11.2    When a Producing Party gives notice to Receiving Parties that certain inadvertently produced material is subject to a claim of privilege or other protection, the obligations of the Receiving Parties are those set forth in Federal Rule of Civil Procedure 26(b)(5)(B), with the following clarifications:

(a)    If a Party discovers that Privileged Material has been produced to a Receiving Party, the Producing Party may provide written notice of the production of that Privileged Material to any Party that received the information of the claim, and within ten (10) business days of its original notice provide a specific identification of the privileged material and the claimed basis for the asserted privilege or protection, including at least the information required by Federal Rule of Civil Procedure 26(b)(5)(A)(ii) ("Clawback Request").

(b)    After receiving a Clawback Request the Receiving Party must within five (5) calendar days: (i) return or destroy all copies of the information specified in the Clawback Request and any notes, summaries or memorialization of the information in those copies; and (ii) provide written confirmation that it will not use or disclose the information specified in the Clawback Request until any dispute regarding the claim of privilege or protection is resolved, or if it has already used or disclosed the information, that it has taken reasonable steps to retrieve or destroy the information and prevent its further use or disclosure.

(c)    If any Party challenges the claim of privilege or other protection

Case No. 14-CV-06516

and/or disputes whether a waiver has occurred, that Party may promptly present the information to the court under seal for a determination of the claim.  The Party or Parties returning or destroying Privileged Material subject to a Clawback Request shall not assert as a ground for entering an order compelling production of such materials the fact or existence of the inadvertent or unintentional production.  During the pendency of such dispute, the Producing Party must preserve the Privileged Material subject to the Clawback Request until the claim is resolved.  Any motion or application brought pursuant to this provision must be made in strict compliance with Local Rules 37-1 and 37-2 (including the Joint Stipulation requirement).

(d)     Nothing in this Protective Order affects the ethical obligations of any Receiving Party in the event that the Receiving Party identifies Discovery Material that may be subject to a claim of protection under the attorney-client privilege, work product doctrine, or any other privilege or immunity.

**12.    MISCELLANEOUS**

12.1   **Right to Further Relief.** Nothing in this Order abridges the right of any person to seek its modification by the Court in the future.

12.2   **Right to Assert Other Objections.** By stipulating to the entry of this Protective Order, no Party waives any right it otherwise would have to object to disclosing or producing any information or item on any ground not addressed in this Stipulated Protective Order. Similarly, no Party waives any right to object on any ground to use in evidence any of the material covered by this Protective Order.

12.3   **Filing Protected Material.** A Party that seeks to file under seal any Protected Material must comply with Civil Local Rule 79-5. Protected Material may only be filed under seal pursuant to a court order authorizing the sealing of the specific Protected Material at issue. If a Party's request to file Protected Material under seal is denied by the court, then the Receiving Party may file the information in the public record unless otherwise instructed by the court.

///

Case No. 14-CV-06516

**13.   <u>FINAL DISPOSITION</u>**

After the final disposition of this Action, as defined in paragraph 4, within 60 (sixty) days of a written request by the Designating Party, each Receiving Party must return all Protected Material to the Producing Party or destroy such material. As used in this subdivision, "all Protected Material" includes all copies, abstracts, compilations, summaries, and any other format reproducing or capturing any of the Protected Material. Whether the Protected Material is returned or destroyed, the Receiving Party must submit a written certification to the Producing Party (and, if not the same person or entity, to the Designating Party) by the 60 (sixty) day deadline that (1) identifies (by category, where appropriate) all the Protected Material that was returned or destroyed; and (2) affirms that the Receiving Party has not retained any copies, abstracts, compilations, summaries or any other format reproducing or capturing any of the Protected Material. Notwithstanding this provision, Counsel are entitled to retain an archival copy of all pleadings, motion papers, trial, deposition, and hearing transcripts, legal memoranda, correspondence, deposition and trial exhibits, expert reports, attorney work product, and consultant and expert work product, even if such materials contain Protected Material. Any such archival copies that contain or constitute Protected Material remain subject to this Protective Order as set forth in Section 4 (DURATION).

**14.   VIOLATIONS**

Any violation of this Order may be punished by any and all appropriate measures including, without limitation, contempt proceedings and/or monetary sanctions.

**15.   MODIFICATION**

This Stipulated Confidentiality Protective Order may be modified on the stipulation by the Parties.  No modification by the Parties shall have force or effect unless and until the Court approves the modification.

///

Case No. 14-CV-06516

**IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD.**

**SIGNATURE ATTESTATION**

Pursuant to L.R. 5-4.3.4(a)(2)(i), I, Megan E. McCarthy, hereby attest that all signatories listed, and on whose behalf the filing is submitted, concur in the filing's content and have authorized the filing.

Dated: May 15, 2015                          Squire Patton Boggs (US) LLP

                                             By:  /s/ *Anne Choi Goodwin*
                                                  Chris M. Amantea
                                                  Anne Choi Goodwin
                                                  *Squire Patton Boggs (US) LLP*
                                                  *Attorneys for Plaintiff*
                                                  MIGHTY ENTERPRISES, INC. dba
                                                  MIGHTY USA

*Additional Counsel for Plaintiff*

Stanford Scott Boyd (*Pro Hac Vice*)
ssboyd@pattersonboyd.com
Patterson, Boyd & Lowery, P.C.
2101 Louisiana Street
Houston, Texas 77002
Telephone:   713 222 0351
Facsimile:   713 759 0642

                                             Procopio, Cory, Hargreaves &
                                             Savitch LLP

Dated: May 15, 2015                          By:  /s/ Megan E. McCarthy
                                                  Anthony J. Dain
                                                  Kamwah Li
                                                  Megan E. McCarthy
                                                  Heather A. Cameron
                                                  PROCOPIO, CORY,
                                                  HARGREAVES & SAVITCH LLP
                                                  *Attorneys for Defendant*
                                                  SHE HONG INDUSTRIAL CO. LTD.

Case No. 14-CV-06516

**FOR GOOD CAUSE SHOWN, IT IS SO ORDERED.**

DATED: May 15, 2015

_____

Gail J. Standish
United States Magistrate Judge

- 18 -

Case No. 14-CV-06516

# **EXHIBIT A**

## **ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND**

I, _____ [print or type full name], of _____ [print or type full address], declare under penalty of perjury that I have read in its entirety and understand the Stipulated Protective Order that was issued by the United States District Court for the Central District of California on _____ in the case of *Mighty Enterprises, Inc. v. She Hong Industrial Co. Ltd.*, Case No. 14-cv-06516-ODW-RZ. I agree to comply with and to be bound by all the terms of this Stipulated Protective Order and I understand and acknowledge that failure to so comply could expose me to sanctions and punishment in the nature of contempt. I solemnly promise that I will not disclose in any manner any information or item that is subject to this Stipulated Protective Order to any person or entity except in strict compliance with the provisions of this Order. I further agree to submit to the jurisdiction of the United States District Court for the Central District of California for the purpose of enforcing the terms of this Stipulated Protective Order, even if such enforcement proceedings occur after termination of this action. I hereby appoint _____ [print or type full name] of _____ [print or type full address and telephone number] as my California agent for service of process in connection with this action or any proceedings related to enforcement of this Stipulated Protective Order.

Date: _____

City and State where sworn and signed: _____

Printed name: _____

Signature: _____

Case No. 14-CV-06516