**O**

# United States District Court
# Central District of California

| | |
|---|---|
| MIGHTY ENTERPRISES, INC., <br><br> Plaintiff, <br><br> v. <br><br> SHE HONG INDUSTRIAL CO. LTD, <br><br> Defendant. | Case No. 2:14-cv-06516-ODW (GJSx) <br><br> **ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFF'S APPLICATION TO FILE UNDER SEAL [104]** |

On February 8, 2016, Plaintiff Mighty Enterprises, Inc. filed an Application to File Under Seal one of its motions in limine and several exhibits attached thereto. (ECF No. 104.) The documents sought to be sealed involve testimony regarding Joseph Chen's medical condition, as well as testimony about meetings that other persons had with Mr. Chen. (*Id.*)

"Unless a particular court record is one traditionally kept secret, a strong presumption in favor of access is the starting point. A party seeking to seal a judicial record then bears the burden of overcoming this strong presumption by meeting the compelling reasons standard. That is, the party must articulate compelling reasons supported by specific factual findings that outweigh the general history of access and the public policies favoring disclosure . . . ." *Kamakana v. City & Cnty. of Honolulu*,

447 F.3d 1172, 1178–79 (9th Cir. 2006) (citations, internal quotation marks, and brackets omitted). "The need to protect medical privacy qualifies in general as a 'compelling reason.'" *Karpenski v. Am. Gen. Life Companies, LLC*, No. 2:12-CV-01569RSM, 2013 WL 5588312, at *1 (W.D. Wash. Oct. 9, 2013); *G. v. Hawai'i*, No. CIV. 08-00551, 2010 WL 2607483, at *1 (D. Haw. June 25, 2010) (citing cases).

While the Court is inclined to grant the application with respect to testimony concerning Mr. Chen's medical condition, the Court does not see any need to seal testimony relating to the meetings other witnesses may have had with Mr. Chen. While the fact that those meetings took place tends to call into question the veracity of Mr. Chen's claimed inability to be deposed based on a his medical condition, his actual medical condition was not discussed at all during those meetings. Plaintiff's sparse application does not otherwise say why such testimony should be sealed.

For these reasons, Plaintiff's Application to File Under Seal is **GRANTED** only as to the following documents:

(1) Plaintiff's Notice of Motion and Motion in Limine to Exclude Hearsay Statements of Joseph Chen;

(2) Exhibit F to Declaration of Bandlow – Deposition Testimony of Kuan Ling Chen – Pages 16–18 only.

The balance of the application is **DENIED** without prejudice. Plaintiff may refile its application as to the remaining documents with a more detailed explanation as to why those documents should be sealed.

**IT IS SO ORDERED.**

February 11, 2016

_____
**OTIS D. WRIGHT, II
UNITED STATES DISTRICT JUDGE**