O

# United States District Court
# Central District of California

| | |
|---|---|
| MIGHTY ENTERPRISES, INC.,<br><br>    Plaintiff,<br><br>    v.<br><br>SHE HONG INDUSTRIAL CO. LTD,<br><br>    Defendant. | Case No. 2:14-cv-06516-ODW (GJSx)<br><br>**ORDER DENYING DEFENDANT'S APPLICATION TO FILE UNDER SEAL [108]** |

On February 9, 2016, Defendant She Hong Industrial Co. Ltd. filed an Application to File Under Seal the full expert report and deposition transcript of Plaintiff Mighty Enterprises, Inc.'s damages expert Jason Engel. (ECF No. 108.)

"Unless a particular court record is one traditionally kept secret, a strong presumption in favor of access is the starting point. A party seeking to seal a judicial record then bears the burden of overcoming this strong presumption by meeting the compelling reasons standard. That is, the party must articulate compelling reasons supported by specific factual findings that outweigh the general history of access and the public policies favoring disclosure . . . ." *Kamakana v. City & Cnty. of Honolulu*, 447 F.3d 1172, 1178–79 (9th Cir. 2006) (citations, internal quotation marks, and brackets omitted).

In this district, an application to file documents under seal must, among other things, be accompanied by a declaration "establishing good cause or demonstrating compelling reasons why the strong presumption of public access in civil cases should be overcome, with citations to the applicable legal standard." C.D. Cal. R. 79-5.2.2(a)(i)(1). "That the information may have been designated confidential pursuant to a protective order is not sufficient justification for filing under seal." *Id.* Moreover, the applicant must file "[a] proposed order, narrowly tailored to seal only the sealable material." C.D. Cal. R. 79-5.2.2(a)(ii).

Here, Defendant does not show that sealing Mr. Engel's report and deposition transcript is warranted. Defendant cites the protective order entered in this action, but this alone does not warrant sealing records. C.D. Cal. R. 79-5.2.2(a)(i). Moreover, Defendant's bare statement that "She Hong believes that Mighty Enterprises, Inc. could be adversely affected as these two documents may contain confidential business information not otherwise available to the public" is insufficiently specific to overcome the strong presumption in favor of public access to court documents. *Kamakana*, 447 F.3d at 1178-79. Finally, it appears unnecessary to seal the entire expert report and deposition transcript; Defendant should seek to seal only those pages (or portions thereof) that actually reflect sensitive information rather than a blanket sealing of the whole document (unless such a broad sealing order is truly necessary).

For these reasons, Defendant's Application to File Under Seal is **DENIED** without prejudice. Defendant may refile an application that addresses the foregoing issues.

**IT IS SO ORDERED.**

February 11, 2016

_____
**OTIS D. WRIGHT, II**
UNITED STATES DISTRICT JUDGE